IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
―――――――――――――――――――――――――――――――――――――――――――――――――――――

TYRONE ROBINSON,

                                 Petitioner,                                ORDER

      v.                                                                      17-cv-750-wmc

REED RICHARDSON, Warden,
Stanley Correctional Institution,

                                 Respondent.
―――――――――――――――――――――――――――――――――――――――――――――――――――――

Tyrone Robinson has filed a motion under Fed. R. Civ. P. 59(e) for reconsideration of this court's order denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. #10.) Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant clearly establishes one of

1

the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Petitioner fails in his Rule 59(e) motion to present any evidence or argument warranting reconsideration of the judgment in this case. Instead, he simply re-argues all the same points he made in his petition and supporting brief. None of petitioner's arguments convince the court that it committed a manifest error in denying the petition. Accordingly, the motion for reconsideration is denied.

ORDER

Tyrone Robinson's motion under Fed. R. Civ. P 59(e) for reconsideration of the order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. #10) is DENIED.

Entered this 11th day of September, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge